[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY NUNC PRO TUNC
Inasmuch as this matter was transferred from the Summit County Court to Tuscarawas County for disposition, the cover page of the Opinion filed on January 30, 2002 shall reflect the additional Tuscarawas County Court Case No. 00JD00919.
It is so Ordered.
 OPINION
On November 6, 2000, appellant, Shawn Anderson, a juvenile, was charged in the Summit County Court of Common Pleas, Juvenile Division, as being a delinquent child by reason of one count of gross sexual imposition in violation of R.C. 2907.05 and one count of rape in violation of R.C.2907.02. The gross sexual imposition charge was subsequently dismissed.
On November 7, 2000, an initial appearance was held wherein the trial court advised appellant of the charge against him. The next day, the trial court appointed counsel to represent appellant.
On November 28, 2000, the trial court ordered a competency evaluation on appellant. Said evaluation was performed on December 5, 2000. The evaluation concluded appellant was competent to understand the legal process.
On December 18, 2000, appellant appeared before the trial court with counsel. Defense counsel stipulated to appellant's competency. Appellant admitted the charge of rape. By judgment entry filed December 19, 2000, the trial court found appellant delinquent and transferred the case to appellant's home county, Tuscarawas County, for disposition.
A hearing was held before the Tuscarawas County Court of Common Pleas, Juvenile Division, on December 28, 2000. Appellant asked for counsel and the matter was continued to January 8, 2001. On said date, the trial court committed appellant to the Ohio Department of Youth Services for an indefinite term consisting of a minimum of three years and a maximum not to exceed appellant's twenty-first birthday. Said disposition was journalized via judgment entry filed January 11, 2001.
Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I. SHAWN ANDERSON WAS DENIED DUE PROCESS OF LAW AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION WHEN HE WAS ADJUDICATED DELINQUENT WHILE INCOMPETENT TO STAND TRIAL.
 II. SHAWN ANDERSON'S ADMISSION WAS NOT KNOWING, INTELLIGENT AND VOLUNTARY, IN VIOLATION OF THE FIFTH
AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, ARTICLE I, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION, AD JUVENILE RULE 29, WHERE THE TRIAL COURT FAILED TO ADEQUATELY EXPLAIN THE POSSIBLE CONSEQUENCES OF THE ADMISSION.
 III. SHAWN ANDERSON WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION.
 I, III
In these assignments of error, appellant claims the trial court erred in finding him competent to stand trial, and claims his trial counsel was ineffective and deficient in stipulating to the competency report and in not requesting a second evaluation. We disagree.
Because these assignments of error involve examination of the same portions of the record, we will address them jointly.
 FINDING OF COMPETENCY
It is fundamental to both adult and juvenile proceedings that a person charged with an offense must be able to understand the nature of the charges, participate in his own defense and understand the nature of the proceedings. See, Juv.R. 29 and 32; R.C. 2945.37. In In Re Williams
(1997), 116 Ohio App.3d 237, our brethren from the Second District succinctly explained the test for competency as follows at 241-242:
 The constitutional test under the Fourteenth Amendment for competency to stand trial is `whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding — and whether he has a rational as well as factual understanding of the proceedings against him.' Dusky v. United States (1960), 362 U.S. 402, 402, 80 S.Ct. 788, 789, 4 L.Ed.2d 824, 825. Under Ohio's codification of this standard, a defendant is presumed to be competent unless it is demonstrated by a preponderance of the evidence that `because of his present mental condition he is incapable of understanding the nature and objective of the proceedings against him or of presently assisting in his defense.' R.C. 2945.37(A). While Juv.R. 32(A)(4) provides that the court may order a mental examination where competency is in issue, no statutory standard has been enacted to guide competency determinations in juvenile proceedings. This court, however, has determined that the standard enunciated in R.C. 2945.37(A) governs competency evaluations of juveniles, so long as it is applied in light of juvenile rather than adult norms. In re Johnson, supra, at 11, 1983 WL 2516. Thus, we review the magistrate's determination of competency in order to determine whether there was sufficient credible evidence upon which she could find that Nicholas was capable of understanding the nature and objective of the proceedings against him and of assisting in his own defense.
Because defense counsel stipulated to the competency evaluation at the December 18, 2000 hearing, the matter must be reviewed under the plain error standard. In order to prevail under a plain error analysis, appellant bears the burden of demonstrating that the outcome clearly would have been different but for the error. State v. Long (1978),53 Ohio St.2d 91. Notice of plain error "is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." Id. at paragraph three of the syllabus.
For our review, we have the file from the Summit County Court of Common Pleas, Juvenile Division, which includes the transcript of the December 18, 2000 hearing and a "competency summary" prepared by Thomas E. Webb, Ph.D. on December 5, 2000 pursuant to court order. Within that summary is a section titled "Understanding of Legal Issues" under which Dr. Webb wrote the following:
 For the Rape charge, Shawn understands that there is a significant penalty. He describes it as possibly having `to go to the County jail until I'm twenty-five. He knows that he has been assigned an attorney in his defense. He understands that his attorney is there to `help me in Court not to go to prison.' He is, however, unable to identify the role of the prosecuting attorney. Attorney-client privilege is defined by him as `its confidential.' And his expectations are that his attorney will `help me go home and not go to adult prison.' I suspect that he will give truthful detailing of his alleged offenses to the defense attorney based on his apparent candor about behavioral specifics of the instant offense.
 As for the decision making role of the Judge, he states that her purpose is `to judge (the) crime or what I did. Talk to people and me (in Court) about what we should do and stuff. Whether we should put him — have him committed to juvenile prison or go free.' He knows that witnesses can say `what I was doing.' The meaning of cross examination was not initially understood but an explanation seems to have been comprehended. The notion of guilt or innocence may be understood. He says, for instance, `Innocence means I didn't do it.' but he also adds `I told the truth of everything I did so I should be innocent.' Guilty to him means `I did do it.' I suspect that the grasp of appropriate physical boundaries with regard to sexual behavior are at issue here; not whether he actually committed a crime relative to legal standards.
 He knows what is expected of him in terms of appropriate Court demeanor.
The ultimate conclusion was that appellant was competent to stand trial. Also included in the file is a psychological evaluation conducted on October 4, 1999 for social security disability purposes. The evaluator, Ryan L. Dunn, Ph.D., concluded the following:
 Shawn appears to have the ability to engage in age-appropriate daily activities and function in an age-appropriate manner in the areas of general cognition, motor development, and the ability to concentrate and persist with adequate pace to complete childhood and school tasks successfully. The claimant does not appear able to function in an age-appropriate manner in the areas of communication, social development, and some areas of personal and behavioral development. His general and recent history suggests problems with impulse control, judgment, anger, and sexual acting out. Should he be awarded benefits, the claimant is not competent to manage finances independently; this recommendation is made independently of his age, and would be the same if he were 18 or 21 years old.
A psychiatric evaluation of appellant dated October 11, 2000 concludes a diagnostic consideration of Attention Deficit/Hyperactivity Disorder (Axis I), Bipolar II Disorder (Axis 1), Expressive Language Disorder (Axis II), Cognitive Disorder NOS (Axis III) and Problems with primary support group, educational problems, peer problems (Axis IV).
Upon review, we find the only evaluation as to competency under R.C.2945.27 concluded that appellant was competent therefore, the trial court did not err in finding appellant competent.
 INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL
The standard this issue must be measured against is set out in Statev. Bradley (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, certiorari denied (1990), 497 U.S. 1011. Appellant must establish the following:
 Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; Strickland v. Washington [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)
 To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different.
As stated supra, the file from the Summit County Court of Common Pleas, Juvenile Division, contains three separate types of evaluations all done for different purposes. The issue of competency to manage financial affairs contained in the October 4, 1999 report for social security disability purposes is governed by a different standard than competency to stand trial. In appellant's appellate brief, appellate counsel attached a 1994/1995 psychological evaluation by Elvin B. Coblentz, Ph.D. in support of the argument that defense counsel should have been aware of appellant's mental capacity and status. We find this report is not contained in the record sub judice and therefore is inappropriate for our review.
Because the only matter of record contains but one competency for trial evaluation and it is the only one done in relation to the time frame of the case, we find defense counsel was not deficient. Assuming arguendo a second evaluation should have been requested, we fail to find from the record that the conclusion on appellant's competency in November/December 2000 would have been any different. Upon review, we do not find that a substantive right was violated.
Assignments of Error I and III are denied.
 II
Appellant claims his admission to the charge of rape was not knowing, intelligent and voluntary because he was not adequately informed of the minimum penalties available for the offense. We disagree.
Juv.R. 29(D) governs the procedures upon an admission and states as follows:
 The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:
 The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;
 The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing.
 The court may hear testimony, review documents, or make further inquiry, as it considers appropriate, or it may proceed directly to the action required by division (F) of this rule.
Appellant argues the trial court inadequately informed him of the minimum commitment available. Appellant believes the trial court should have told him the minimum commitment could be one, two or three years as opposed to one year.
During the December 18, 2000 hearing, the trial court stated the following at 3-4:
 THE COURT: Shawn, this charge of rape is a felony of the first degree if committed by an adult. What that means is that the most serious thing that could happen to you on this charge is you could be sent to DYS, which is prison for juveniles, for a minimum of one year, maximum to the age of 21. Do you understand that?
Appellant responded in the affirmative. However, appellant claims because of his low mental skills, he was confused by this statement. In support, appellant points to the following comment he made to the trial court:
 MR. ANDERSON: I know that I did something wrong, and I'm going to be scared about it but I have to serve the time, and I was wondering, I even asked my attorney if there was any way that if I have the right to serve the time or go into the Marines or the Army.
December 18, 2000 T. at 4.
We find the trial court stated the minimum commitment could be one year up to "the age of 21" which would include a minimum of two or three years as available under the statute, R.C. 2151.355(A)(5)(a).[1] Said statute states as follows:
 If a child is adjudicated a delinquent child, the court may make any of the following orders of disposition:
 (5)(a) If the child is adjudicated a delinquent child for violating section 2903.03, 2905.01, 2909.02, or 2911.01 or division (A) of section 2903.04 of the Revised Code or for violating any provision of section 2907.02 of the Revised Code other than division (A)(1)(b) of that section when the sexual conduct or insertion involved was consensual and when the victim of the violation of division (A)(1)(b) of that section was older than the delinquent child, was the same age as the delinquent child, or was less than three years younger than the delinquent child, commit the child to the legal custody of the department of youth services for institutionalization in a secure facility for an indefinite term consisting of a minimum period of one to three years, as prescribed by the court, and a maximum period not to exceed the child's attainment of twenty-one years of age;
We do not find the trial court's explanation to be in error because the entire explanation encompassed the mandates of the statute.
Assignment of Error II is denied.
The judgment of the Court of Common Pleas of Tuscarawas County, Ohio, Juvenile Division is hereby affirmed.
By Farmer, J., Hoffman, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, Juvenile Division is affirmed.
[1] With a three year minimum, appellant will be released on his twenty-first birthday (September 25, 2003), some four months before the expiration of the three year minimum commitment.